UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO: 2:14-cr-102-FtM-29DNF

DAVID EDWARD JUDD

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Reduction of Sentence (Doc. #46) filed on October 20, 2017. No response has been filed and the time to respond has expired. Defendant seeks to apply recent substantive changes to the United States Sentencing Guidelines "in Amendment 801". Although there is no Amendment 801, it appears that defendant is seeking application of the 2016 amendments to U.S. Sentencing Guidelines Manual § 2G2.2, effective November 1, 2016.

On September 3, 2014, a grand jury in Fort Myers, Florida returned a two-count Indictment (Doc. #3) charging defendant with receiving and distributing child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(1). On January 26, 2015, defendant appeared before the Magistrate Judge to enter a plea of guilty to both counts, which plea was accepted and defendant was adjudicated guilty the next day. (Docs. ##30-32.) On April 27, 2015, defendant was sentenced to a term of 72

months of imprisonment, to be served concurrently, and supervised release for life. (Docs. ##39, 41.)

Pursuant to United States Sentencing Guidelines § 2G2.2(a)(2), defendant's Base Offense Level was a 22 for an offense under Section 2252(a)(2). This Base Offense Level was significantly increased by five specific offense characteristics, and even with acceptance of responsibility, the Total Offense Level was 34. Defendant received two levels under § 2G2.2(b)(2) because a prepubescent minor or minor who had not attained the age of 12 was involved; four levels for material portraying sadistic or masochistic conduct or other depictions of violence under § 2G2.2(b)(4); two levels for the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material pursuant to § 2G2.2(b)(6); and five levels because the number of images involved was 600 or more, and as warranted by § 2G2.2(b)(7)(D). As relevant here, defendant received two levels under § 2G2.2(b)(3)(F) because the offense involved distribution other than distribution described in subdivisions (A) through (E).

The Offense Conduct in the Presentence Report states as follows:

> David Judd participated in a taped interview at his residence during the execution of the search warrant. Judd admitted to downloading child pornography using the BitTorrent file sharing network on the Internet. He admitted

> downloading child pornography using torrents
> and search terms such as "LSM", "teens",
> "Lolita", "Syberian mouse", "12y", and "13y".
> Judd admitted to understanding how a file
> sharing network works, in that when he is on
> the network, his computer is open for sharing.
> Judd knew that this means another individual
> could download from Judd.

(Doc. #36, ¶ 13.)  At the plea hearing, defendant admitted his conduct and a factual basis for the pleas was established. (Id., 20.)  Further, there were no unresolved objections as to Paragraph 13 of the Presentence Report.  Counsel provided a "mitigation or clarification" to Paragraph 8's description of Bit Torrent to clarify that defendant never had any direct contact with any other users, and that he did not actively provide images to any other user. (Id., Addendum, pp. 17-18.)

Effective November 1, 2016, subparagraph (F) was changed from "Distribution" to "If the defendant *knowingly* engaged in distribution".  U.S. Sentencing Guidelines Manual § 2G2.2(b)(3)(F) (emphasis added).  A new Application Note was also inserted to define "knowingly engaged in distribution "if the defendant (A) knowingly committed the distribution, (B) aided, abetted, counseled, commanded, induced, procured, or willfully caused the distribution, or (C) conspired to distribute."  U.S. Sentencing Guidelines Manual § 2G2.2 cmt. n.2 (2016).

Defendant argues that this amendment is a clarifying amendment and should be applied retroactively because he did not

knowingly distribute.  Defendant is incorrect.  The Eleventh Circuit has clearly stated that it "would consider it a substantive amendment that does not apply retroactively."  United States v. Garcia, 654 F. App'x 972, 975 n.2 (11th Cir. 2016).  See also United States v. Sanchez, 655 F. App'x 806, 807 (11th Cir. 2016), cert. denied, 137 S. Ct. 2114, 198 L. Ed. 2d 201 (2017).  Therefore, the amendment may not be invoked to reduce defendant's sentence.  As the motion is due to be denied, the request for an appointment of counsel will also be denied.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Reduction of Sentence (Doc. #46) is **DENIED.**

2. Defendant's alternative request for the appointment of counsel is also **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of November, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Defendant